## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Rebecca Nicholas (Stevens)

v.

Gail Marie Cook et al.

March 2, 1989

Case No. L-88-179

By JUDGE WILLIAM H. LEDBETTER, JR.

On November 7, 1988, the court, upon motion of the plaintiff, entered a default judgment with respect to liability in this case, reserving the issue of damages for trial. Five weeks later the defendants filed a motion to vacate the November 7th order and for leave to file responsive pleadings. The plaintiff opposed the motion. The court heard evidence presented by the defendants, limited to the issues of notice and service of process on January 17, 1989. The defendants filed a memorandum and, on February 9, 1989, the plaintiff filed a reply memorandum.

The automobile accident which gives rise to this suit occurred in Spotsylvania County on December 4, 1986. At that time, the defendant Cook, a resident of Oklahoma who was in the process of moving to New Jersey, was staying temporarily in the home of the other defendant, Larry W. Barnes, at 1112 Greengate Road in Fredericksburg. Her stay there lasted only a few weeks, and her belongings were "in boxes in the garage" of the Barnes home. Barnes resided at that address with his wife and child, but he worked in West Virginia and was seldom at home. Cook was

allegedly driving a van owned by Barnes at the time of the accident.

The plaintiff (Stevens) filed a motion for judgment against Cook and Barnes on April 29, 1988. As to both defendants, service was directed to "1112 Greengate Road, Fredericksburg, Virginia 22401." This is the address that Cook and Barnes's wife, who was with Cook at the time of the accident, gave to the investigating officer at the scene.

Process was issued to the Fredericksburg Sheriff's Department for service on the defendants at the Greengate Road address. On May 2, 1988, a deputy sheriff of that department attempted service at that location. His returns, filed with the Clerk's Office on May 5, 1988, indicate that he was unable to make service on either defendant because they were "not found." He noted on both returns: "moved."

Learning this, plaintiff's counsel filed appropriate "due diligence" affidavits and directed the Clerk to serve the Commissioner of the Division of Motor Vehicles as statutory agent for the defendants. The Commissioner was served on June 29, 1988, and his returns were filed in the Clerk's Office on July 5, 1988. According to the Commissioner's affidavits filed with the Clerk, he sent notice of this proceeding to Cook and Barnes at the Greengate Road address on July 1, 1988, in compliance with the statutes.

On August 16, 1988, the defendants having filed no responsive pleadings or otherwise appeared, the plaintiff moved for default judgment against both defendants. On November 7, 1988, the court heard and granted the plaintiff's motion, and judgment was entered against both defendants as to liability only. At that time, the defendant still had filed no pleadings and had made no appearance.

The defendants learned of this proceeding for the first time in mid-November, 1988, through a series of telephone calls among attorneys, one of whom happened to be representing Cook and Barnes's wife in claims against Stevens arising out of the same accident. The motion under consideration was filed on December 14, 1988.

As a beginning point in the analysis of the defendants' position, the court must be mindful that the plaintiff is in possession of a valid judgment, and the court should

be reluctant to strip the plaintiff of that judgment, even though damages remain undetermined, except for good cause. At the same time, the court agrees with the defendants that the November 7, 1988, order is not a final order as defined in Rule 1:1; that the order is subject to modification or vacation, within the sound discretion of the court; and that this proceeding is not the same as a motion to set aside a default judgment, in final form, under Virginia Code § 8.01-428.

Cook has never resided at 1112 Greengate Road. At the time of the accident, she was a temporary sojourner there. It is logical that she would give the Barnes address to the investigating officer because she had no other address to give; she was in the process of moving from Oklahoma to New Jersey. (Apparently, she changed her mind because soon after the accident, she took up residence at 1319 Caroline Street in Fredericksburg, applied for a Virginia operator's license using that address, and lived at that address for several months until she moved to New Jersey.)

By the time the suit was filed and service was attempted, Cook lived in New Jersey. She testified that she received none of the suit papers and had no notice of the litigation until after the default judgment was entered.

At the time of the accident, Barnes did reside at 1112 Greengate Road, although he was seldom there because he worked in West Virginia. He was not at home at the time of the accident. The Barneses sold their house on Greengate Road in December of 1987. Mrs. Barnes continued to live there, as a tenant of the purchaser, until July 1, 1988, when she moved with her husband to Maryland. During the seven months between the sale of the house and the move to Maryland, Mr. Barnes continued to consider the Greengate address his residence, although he was there only about "once a month."

Neither party was served on May 2, 1988, by the deputy sheriff who attempted service at the Greengate Road address. The plaintiff's assertion that service was effected by posting is incorrect. The return clearly establishes that *no* service was made, personal or otherwise, because the defendants were "not found," "moved." Therefore, the Barneses' admission that they continued to consider 1112 Greengate Road their residence address until they moved

to Maryland on July 1, 1988, does not detract from their argument. The fact remains that no one was served in this suit at the Greengate Road address on May 2, 1988.

Service on the Commissioner was proper under these circumstances. The Commissioner mailed the suit papers to the Greengate Road address on July 1, 1988. By the time these papers arrived, however, the Barneses were in Maryland and Cook was in New Jersey. Both defendants testified, as noted above, that the papers were not forwarded to them at their correct addresses.

(It is also of interest, in evaluating this motion, that Cook had retained a local attorney and was in the process of pursuing a claim against Stevens as early as February, 1987, and that Stevens knew it. William H. Harris, who represented Cook at the trial of her traffic offense in February, 1987, testified that he had a conversation with Stevens after that court proceeding and asked her to have her attorney get in touch with him. The attorney whose name she mentioned (not her attorney in this litigation) did not contact Harris. Apparently, the plaintiff never told anyone that Cook was represented by counsel or that Cook's attorney had requested that he be informed of any lawsuit. Although there is no law that requires a person instituting a lawsuit to notify the defendant's attorney, even if requested to do so, this circumstance is a factor worthy of consideration in this case.)

In summary, (1) the defendants here were served only by service of process upon the Commissioner of the Division of Motor Vehicles, who could not forward the papers to valid addresses because both defendants resided out of state at addresses unknown to the Commissioner; (2) there is no final judgment order in this case, no trial has been conducted, and the plaintiff has not requested a trial on the remaining issue of damages; (3) the defendants had no knowledge of this suit until after the default judgment was entered; (4) the defendants are guilty of no neglect, evasion, or dereliction; (5) the plaintiff has not shown, or even argued, that she would be prejudiced by a vacation of the November 7, 1988, order, on account of evidence lost in reliance upon the default judgment order; and (6) the interest of justice would be served by permitting the defendants to defend this claim and,

perhaps at the same time, to pursue their claims against Stevens.

Accordingly, the court is of the opinion that the motion of the defendants should be granted.