## CIRCUIT COURT OF LOUISA COUNTY

Alvin Linwood Grant, Jr.

v.

John Doe

### July 1, 1993

### Case No. (Law) 3001

BY JUDGE F. WARD HARKRADER, JR.

On the 28th day of June, 1993, came the parties, by counsel, on Motion of Nationwide Mutual Insurance Company, to vacate the Default Judgment Order heretofore entered in this case on May 24, 1993, and pursuant to the previous Order entered by this Court suspending said Order of May 24, 1993, pending further hearing by the Court on said Motion.

The Court, having heard evidence offered by the parties, is of the opinion that service was proper in this case on or before April 20, 1993, and that process was properly served on the said Nationwide Mutual Insurance Company and that said process was served with the Motion for Judgment and Notice to Nationwide that responsive pleadings were required by the defendant, John Doe, or those acting in his behalf within twenty-one days after service of process on Nationwide Mutual Insurance Company, the Uninsured Motorist Carrier for the plaintiff. The evidence established that the system established for handling process of this variety broke down occasioning a running of the time permitted for such filing without an answer. The Order of the Court entered May 24, 1993, granting the Default Judgment provided that a copy of the Default Judgment be served upon Robert C. Wetzel, Registered Agent for Nationwide Mutual Insurance Company. On June 8, 1993, counsel for Nationwide contacted the Court and obtained a hearing date on June 11, 1993, on which date the Default Judgment was temporarily suspended. On this date, the Default Judgment still

lay within the breast of the Court, the twenty-one days from its entry having not expired. If the twenty-one days had expired, the Court could not have set the Default Judgment aside except for one of the reasons set out in either Section A, B, or C of § 8.01–428. The evidence heard by the Court establishes none of the circumstances which would bring A, B, or C of § 8.01–428 into play.

The Court holds, however, that while the Default Judgment rests within the breast of the Court, the proper test to be applied is the same as would be applied to a motion to permit a delayed filing of a Grounds of Defense.

The principle is well settled that default judgments are not favored in the law and that any doubt about setting aside a default judgment should be resolved in favor of setting it aside so that the underlying issues can be determined on the merits. The test for the exercise of the sound discretion of the Court in permitting a delayed filing or in this instance the setting aside of a Default Judgment still resting in the breast of the Court should be among others, the degree of prejudice to the plaintiff, the presence of material issues of fact, the significance of the interest at stake, and the degree of neglect of the defaulting party. Considering these factors and applying these tests, the Court finds it appropriate to set aside the Default Judgment.

It is further Ordered that the Grounds of Defense filed by counsel for Nationwide Mutual Insurance Company is ordered filed. The scheduled date for trial on the issue of damages can now remain as a scheduled date for trial of all issues in this case. Either party may request a jury.