# CIRCUIT COURT OF ROCKINGHAM COUNTY

Jimmy Riddle

v.

CARS
(Classic Auto Replicas) et al.

March 26, 1998

Case No. (Law) 11185

BY JUDGE JOHN J. MCGRATH, JR.

This is a Motion for Judgment brought against eight apparently inter-related Florida corporations and two individuals who are alleged to be controlling stockholders in some or all of the corporations. This multi-count Motion for Judgment charges fraud, constructive fraud, detinue, negligence, conversion, violations of § 18.2-200, breach of contract, and violation of the Virginia Consumer Protection Act (Title 59.1-196, *et seq.* of the Code of Virginia).

The Motion for Judgment was filed on October 31, 1997. Service of the Motion for Judgment was obtained by service upon the Clerk of the State Corporation Commission, and the Clerk of the Commission filed certificates of compliance for all of the defendants (except the two individual defendants), and these certificates were duly recorded in the Clerk's Office of the Circuit Court of Rockingham County on November 21, 1997.

On December 15, 1997, two of the defendants (Auto Resolution, Inc., and Auto Resolution, Ltd.) filed a Demurrer to the Motion for Judgment, which Demurrer was not signed by a Virginia lawyer but instead was signed by Woodrow M. Melvin, Jr., Esq., a member of the Bar of the State of Florida.

On December 18, 1997, the plaintiff filed a Motion for Default Judgment against all of the defendants who had been served on the grounds that twenty-one days had lapsed since the service had been perfected upon them and they had filed no responsive pleadings. As to the two defendants who had had a

Demurrer filed on their behalf by Mr. Melvin, the plaintiff requested the default judgment be entered against them because a pleading not filed *pro se* and not filed by a member of the Bar of this Court, either by admission or *pro hac vice*, is not a valid pleading within the meaning of the Rules.

On January 5, 1998, a Harrisonburg attorney who is a member of the Bar of Virginia filed a "Notice and Adoption of Pleadings" on behalf of five of the defendants (including the two who had attempted to file a Demurrer through the Florida attorney). Also on January 5, 1998, the Virginia attorney filed on behalf of two additional defendants a Demurrer similar to the one that had been earlier filed by Mr. Melvin on behalf of the other two defendants.

After hearing oral argument by Virginia counsel, this Court on January 21, 1998, entered a default judgment against Auto Resolutions, Ltd.; Auto Resolutions, Inc.; CARS (Classic Auto Replicas); Advance Plastics International Corp., d/b/a Fiber Fab; G.C.L. Industries, Inc., d/b/a Classic Motor Carriages; I.C.I.S. Management Group, Inc.; Sunshine Real Estate Holding Co.; and Sunshine Auto Replicas, Inc., d/b/a Champion Auto Works, a/k/a "Champion," and in the operative provisions of that order provided:

Adjudged, ordered and decreed that plaintiff be and Jimmy Riddle is hereby awarded judgment by default against the above-named defendants in this cause and it is further adjudged, ordered and decreed that a hearing on damages be set for August 31, 1998, at 9:00 a.m.

On February 2, 1998, Virginia counsel representing Auto Resolution, Inc., Auto Resolution, Ltd., Advance Plastics International Corp., G.C.L. Industries, Inc., and CARS (Classic Auto Replicas) filed a Motion for Rehearing on the default judgment. When the matter of the Motion for Rehearing came before the Court on Motions Day on February 2, 1998, counsel filing the Motion raised a question of whether the Court's order of January 21, 1998, entering the default judgment and scheduling a further hearing on August 31, 1998, needed to be stayed, suspended, or vacated in order not to run afoul of Rule 1:1 of the Rules of the Supreme Court of Virginia. It was the position of this Court at that time that upon cursory examination that a stay or suspension of the default judgment order of January 21, 1998, was not required in order for the Court to hear a Motion for Rehearing given that the order on default judgment was not a final order and within the four corners of the Order scheduled further proceedings on the matter for August 31, 1998.

Further argument was heard by the Court from counsel for both sides on the defendants' Motion for Rehearing in March of 1998. The plaintiff's initial objection to the entire proceeding was that under the provisions of Rule 1:1, the Court had no jurisdiction to modify, alter, or otherwise amend the default judgment entered on January 21, 1998, because twenty-one days had passed since the signing of that order. Both sides agreed that there was a paucity of case authority on the issue of whether a default judgment in which damages were not liquidated and which required a further proceeding on the damage issue was a "final order" within the meaning of Rule 1:1.

Plaintiff's position is that *dicta* of Judge Harkrader contained in *Grant v. Doe*, 31 Va. Cir. 254 (1993) (Cir. Ct. of Louisa County) indicates that the better practice was for the Court to temporarily suspend the default judgment and to issue such a temporary suspension during the twenty-one day period immediately after the default judgment had been entered.

The defendants on the other hand rely upon the opinion of Judge Ledbetter in *Nicholas v. Cook*, 15 Va. Cir. 322 (1989) (Cir. Ct. of Spotsylvania County), which is on all fours with the instant proceeding. In that case, default judgment was entered against both defendants on November 7, 1988. In the default judgment Order, default judgment was entered by the Court on the issues of liability only and the issue of damages was reserved for a later trial. Five weeks after the entry of this default judgment, the defendants had moved for leave to file responsive pleadings.

This Court is of the view that the analysis set forth by Judge Ledbetter in *Nicholas v. Cook, supra*, is well reasoned and accurately states the law in Virginia. Rule 1:1 applies only to final judgments. Therefore, it is this Court's holding that when an order of the Court, even though it may give final judgment on a portion of a cause of action, specifically within the four corners of the Order, reserves and schedules further proceedings, it is not a final order for the purposes of Rule 1:1 and, therefore, this court has continuing jurisdiction to amend, modify, vacate, or otherwise alter the default judgment.

Having decided that this Court has jurisdiction to consider the merits of the Motion for Rehearing filed by the defendants, the Court has examined the arguments put forth by counsel plus the affidavit of Mr. Woodrow M. Melvin, Jr., of the Bar of the State of Florida. Having reviewed all of these facts, which were not available to the Court when the initial default judgment was entered, it is the Court's view that the defendants have shown a good faith, albeit futile effort, to obtain Virginia counsel in time to file responsive pleadings in this case. The Court finding that the plaintiff has suffered no prejudice by this delay, it is this court's judgment that under Rule 1:9 of the

Rules of the Virginia Supreme Court that the ends of justice would be best served by permitting the defendants against whom the default judgment was previously entered to have fifteen days from the date of this Order to file a Grounds of Defense under Rule 3:7 of the Rules of the Virginia Supreme Court. The Court requires that Grounds of Defense be filed because it does not find the Demurrers as previously filed in this action to have merit.

The Clerk is directed to certify copies of this Order and Opinion to counsel for the plaintiff, J. Michael Sharman, Esq.; counsel for the defendants, Wyatt B. Durrette, Jr., Esq.; and to David A. Temeles, Esq.