## CIRCUIT COURT OF THE CITY OF RICHMOND

Latoya Sheree Long

v.

William Anderson Thompson

August 24, 2004

Case No. LS-286-3

BY JUDGE RANDALL G. JOHNSON

The issue presently before the court in this personal injury action is whether an uninsured motorist carrier, which was served with process under Va. Code § 38.2-2206(F), but which did not file responsive pleadings within twenty-one days of such service, has standing to challenge service of process on the named defendant. For the reasons that follow, the court holds that it does.

The action arises out of a February 10, 2003, automobile accident. Suit was filed on February 9, 2004. On February 11, 2004, a proof of service was filed showing posted service on the named defendant at the address set out in the motion for judgment. Service was also made on Allstate Insurance Company, plaintiff's uninsured motorist carrier. Neither defendant nor Allstate filed responsive pleadings, and, on April 28, 2004, default judgment was entered against defendant in the amount of $15,000.

On June 21, Allstate filed a motion to set aside the judgment pursuant to Va. Code § 8.01-428(A) on the ground that the defendant did not live at the address where process was posted at the time of posting. At a hearing on August 16, the present resident of the subject address testified that, while defendant formerly lived there, he moved out in September 2003 and has not returned. She further testified that she does not recall seeing anything posted at the residence in February. Her testimony was unrefuted and credible. If it were defendant's motion to set aside the judgment, it would be granted with little discussion. Plaintiff argues, however, that, since Allstate did not file timely responsive pleadings and is not the defendant, it lacks standing to challenge service on the defendant now.

The court has been unable to find any case directly on point. In *Grant v. John Doe*, 31 Va. Cir. 254 (1993), Judge Harkrader of the Sixteenth Circuit set aside a default judgment against a named defendant on the motion of the uninsured motorist carrier. Unlike the situation here, however, the default judgment in *Grant* was still "within the breast of the court," judgment having been suspended within twenty-one days of entry. *See* Supreme Court Rule 1:1. The issue of standing must be addressed here.

In pertinent part, Va. Code § 38.2-2206(F) provides:

> If any action is instituted against the owner or operator of an uninsured or underinsured motor vehicle by any insured intending to rely on the uninsured or underinsured coverage provision or endorsement of [the] policy under which the insured is making a claim, then the insured shall serve a copy of the process upon [the] insurer in the manner prescribed by law, as though the insurer were a party defendant. ... The insurer shall then have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name.

In deciding that Allstate has standing to challenge service of process on the named defendant in this action, the court first notes that it is clear from the cases that an uninsured or underinsured motorist carrier served pursuant to § 38.2-2206(F) is not a defendant in the action. *Nationwide Mutual Ins. Co. v. Hylton*, 260 Va. 56, 61, 530 S.E.2d 421 (2000); *Rodgers v. Danko*, 204 Va. 140, 143, 129 S.E.2d 828 (1963); *John Doe v. Brown*, 203 Va. 508, 515, 125 S.E.2d 159 (1962). In an appropriate case, however, "both the uninsured motorist and the insurer may ... employ counsel, file pleadings, participate in discovery, make and argue motions, examine and cross-examine witnesses, engage in argument at trial, admit liability, or pursue appeals. And each is entitled to control his or its own actions but not the actions of the other." *State Farm Mutual Auto. Ins. Co. v. Cuffee*, 248 Va. 11, 14, 444 S.E.2d 720 (1994). Moreover, "the statute requires the protection of the rights of both the uninsured motorist and the insurer." *Id.*

The court also notes that a literal reading of Va. Code § 8.01-428(A), without reference to § 38.2-2206(F), would preclude Allstate from making the motion it now makes. That section provides:

> Upon motion of *the plaintiff or judgment debtor* and after reasonable notice to the opposite party, his attorney of record, or other agent, the court may set aside a judgment by default or a

decree pro confesso upon the following grounds: (i) fraud on the court, (ii) a void judgment, (iii) on proof of an accord and satisfaction. Such motion on the ground of fraud on the court shall be made within two years from the date of the judgment or decree.

Emphasis added.

Since Allstate is not the plaintiff or judgment debtor, a literal reading of the first part of the statute would mean that Allstate lacks standing to make the motion now before the court.

Although not relied on by Allstate in making its motion, the court feels it is significant that, if literally read without reference to § 38.2-2206(F), Va. Code § 8.01-277, dealing with quashing service of process, would also be unavailable to Allstate. That section provides, in pertinent part:

A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service, or return *thereof* by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits.

Emphasis added.

Since the word "thereof" obviously refers to the process served on the person filing the motion to quash and since Allstate is not challenging the process served upon it, a literal reading of this statute would have precluded Allstate from filing a motion to quash service on the named defendant, *even if such motion had been filed within twenty-one days of service on Allstate or the named defendant.* Such a literal reading of § 8.01-277, or of § 8.01-428(A), is not appropriate.

There are many statutes and rules of court that, if read literally and without reference to § 38.2-2206(F), would prevent uninsured and underinsured motorist carriers from doing precisely what § 38.2-2206(F) and *Cuffee* say they can do. For example, Supreme Court Rules 3:5 and 3:7 allow a *defendant* to file responsive pleadings within twenty-one days of service. If those rules apply *only* to defendants and not to uninsured and underinsured motorist carriers served pursuant to § 38.2-2206, such carriers need not file responsive pleadings at all or, if they do file, need not do so within twenty-one days of service. Plaintiff makes no argument that those rules do not apply to uninsured and underinsured motorist carriers.

Similarly, Rules 3:8 and 3:9 allow a *defendant* to file a counterclaim or cross-claim. The court has never had anyone question the right of uninsured and underinsured motorist carriers to file such claims. Virginia Code § 8.01-378 refers to motions to strike by the plaintiff or the *defendant.* It does

not mention such motions by uninsured or underinsured motorist carriers. Carriers served pursuant to § 38.2-2206(F) routinely make such motions. Virginia Code § 8.01-359, which deals with jury selection, provides that where there are more than two parties to an action, "all plaintiffs shall share three strikes between them and all *defendants* and third-party *defendants* shall share three strikes between them." Emphasis added. Obviously, counsel for uninsured and underinsured motorist carriers have a right to participate in jury selection. Other examples are too numerous to mention.

Lastly, the court notes that all of the things listed in *Cuffee* that both the insured and insurer may do, employ counsel, file pleadings, etc., are things *parties* do. In the context of § 38.2-2206 and *Cuffee*, they are things *defendants* do. As *Cuffee* points out, "the statute requires the protection of the rights of both the uninsured motorist and insurer." That is accomplished in this court and, as far as this court knows, throughout the Commonwealth by allowing insurers served under the statute to take all actions allowed to be taken by the defendants in the actions to which they are parties. Indeed, if Allstate had moved to quash service of process on the named defendant within twenty-one days of service on Allstate, the court has little doubt that the motion would have been heard and ruled upon in spite of the fact that § 8.01-277 ostensibly allows motions to quash only by the party upon whom the challenged service was made.

In sum, there are many statutes that cannot be read literally in cases involving insurers served under § 38.2-2206(F). If they were, insurers would not be allowed to participate as provided for in the statute. The court believes that § 8.01-428(A) is one of those statutes. Although § 8.01-428(A) does not explicitly give an uninsured motorist carrier the right to ask a court to set aside a default judgment against a judgment debtor, the court believes that a proper reading of that statute *and* of § 38.2-2206(F) and *Cuffee* mandates a finding that such a right does exist. The court holds that Allstate has standing to challenge the service of process on the named defendant and that such service was defective. The judgment will be set aside.